Jeffrey L. Griffith, Legal Counsel Unified School District No. 260 111 S. Baltimore Derby, Kansas 67037
Dear Mr. Griffith:
As legal counsel for Unified School District No. 260, you request our opinion regarding the manner in which a due process hearing should be conducted when a pupil is subject to expulsion for violating a school district's weapon-free school policy.
In order to comply with the Gun-Free Schools Act of 1994,[1] the Legislature enacted statutes establishing weapon-free schools.[2] To facilitate weapon-free schools, each board of education is required to "adopt a written policy requiring the expulsion from school for a period of not less than one year any pupil determined to be in possession of a weapon at school, on school property, or at a school supervised activity."[3]
 "To the extent that the provisions contained in article 89 of chapter 72 of Kansas Statutes Annotated do not conflict with the requirements of [the weapon-free schools] act, such provisions shall apply to and be incorporated in the policy required to be adopted under subsection (a)."[4]
The procedure for suspending or expelling a pupil is set forth in K.S.A. 2000 Supp. 72-8901 et seq. "The board of education of any school district may suspend or expel, or by regulation authorize any certificated employee or committee of certificated employees to suspend or expel, any pupil guilty of any of the [conduct set forth in subsections (a) through (f)]."[5] Except when the presence of the pupil endangers other persons or property or substantially interferes with the operation of the school,[6] the pupil is to receive notice of the charges against the pupil and afforded the opportunity for a hearing.[7] If the person or committee of persons authorized by the board of education to conduct a formal hearing regarding imposing an extended-term suspension or expulsion determines that the pupil should be suspended or expelled, the person or committee is required to provide a written report of the findings and results of the hearing.[8] The pupil or pupil's parent or guardian may appeal the suspension or expulsion to the board of education.[9] The board of education will then determine the matter.[10] For purposes of clarity between the two hearing procedures, the procedure established in K.S.A. 2000 Supp. 72-8901 etseq. will hereafter be referred to as the general hearing procedure while the one set forth in K.S.A. 2000 Supp. 72-89a01 et seq. will be designated as the weapon-free schools hearing procedure.
The general hearing procedure applies to hearings conducted for violations of a school district's weapon-free schools policy only to the extent that the procedure does not conflict with the requirements of the weapon-free schools provisions. Therefore, it is necessary to review any provisions in K.S.A. 2000 Supp. 72-89a01 et seq. that may establish different requirements for conducting a hearing.
 "(d) A hearing afforded a pupil required to be expelled pursuant to a policy adopted under subsection (a) shall be conducted by the chief administrative officer or other certificated employee of the school in which the pupil is enrolled, by any committee of certificated employees of the school district in which the pupil is enrolled, or by a hearing officer appointed by the board of education of the school in which the pupil is enrolled.
 "(e) The chief administrative officer of the school in which a pupil required to be expelled pursuant to a policy adopted under subsection (a) is enrolled may modify the expulsion requirement in a manner which is consistent with the requirements of federal law. Nothing in this subsection shall be applied or construed in any manner so as to require the chief administrative officer of a school to modify the expulsion requirement of a policy adopted by a board of education pursuant to the provisions of subsection (a)."[11]
 "The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs where that intent can be ascertained. Effect must be given to the entire act and every part thereof."[12] "In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. [The Court has] said: `To the extent possible, the court should attempt to reconcile different provisions so as to make them consistent, harmonious, and sensible.'"[13] "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling."[14]
It is clear that the Legislature intended the general hearing procedure be used when a hearing is conducted for alleged violations of a school district's weapon-free schools policy. A step in the general hearing procedure may be ignored only when a conflicting step exists in the weapon-free schools hearing procedure. All steps in both the general hearing procedure and the weapon-free schools hearing procedure should be followed when conducting a hearing called to review allegations of a violation of a school district's weapon-free schools policy.
Subsection (e) of K.S.A. 2000 Supp. 72-89a02 allows the superintendent of a public school[15] to deviate from the expulsion requirement when federal law[16] mandates other types of actions be taken before the pupil is subjected to expulsion for violating a school district's weapon-free schools policy.[17] Authorizing the superintendent of the school to modify the expulsion requirement of the weapon-free schools policy is a step added to the general hearing procedure. The provision does not conflict with the general hearing procedure, but rather is an additional step in the hearing process. A pupil retains the right to appeal to the board of education the expulsion imposed by the hearing officer or committee appointed by the board of education to conduct hearings regarding alleged violations of the school district's weapon-free schools policy.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] 20 U.S.C.A. § 8921.
[2] K.S.A. 2000 Supp. 72-89a01 et seq.
[3] K.S.A. 2000 Supp. 72-89a02(a). The Gun-Free Schools Act of 1994 requires that the policy adopted by a local educational agency provide for expulsion of not less than one year any pupil found to violate the policy.
[4] K.S.A. 2000 Supp. 72-89a02(b).
[5] K.S.A. 2000 Supp. 72-8901. See also K.S.A. 2000 Supp.72-8902(f).
[6] K.S.A. 2000 Supp. 72-8902(b)(2).
[7] K.S.A. 2000 Supp. 72-8902(b)(1) and (d).
[8] K.S.A. 2000 Supp. 72-8903(c).
[9] K.S.A. 2000 Supp. 72-8904(b).
[10] K.S.A. 2000 Supp. 72-8904(c).
[11] K.S.A. 2000 Supp. 72-89a02.
[12] Babe Houser Motor Co. v. Tetreault, 270 Kan. 489, 506 (2000) (internal citation omitted).
[13] Carlson v. Ferguson, No. 84,355 (Kan. S.Ct. January 26, 2001), quoting Rockers v. Kansas Turnpike Authority, 268 Kan. 110, 113
(1999).
[14] In re Estate of Antonopoulos, 268 Kan. 178, 189 (1999).
[15] See K.S.A. 2000 Supp. 72-89a01(e), as amended by L. 2001, ch. 119, § 3.
[16] See K.S.A. 2000 Supp. 72-89a01(f), as amended by L. 2001, ch. 119, § 3. The federal acts included within the definition of "federal law" are the Individuals with Disabilities Education Act (IDEA),20 U.S.C.A. §§ 1400 — 1485, Section 504 of the Rehabilitation Act,29 U.S.C.A. § 794, and the Gun-Free Schools Act of 1994.
[17] For example, the IDEA requires a pupil's educational placement be maintained until all due process proceedings, including court proceedings, afforded under the IDEA are completed.20 U.S.C.A. § 1415(j).